**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0400-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHAD BOYD,
a/k/a CHAD R. BOYD,

    Defendant-Appellant.

_____

Submitted April 19, 2021 – Decided June 14, 2021

Before Judges Rothstadt and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 18-01-0033.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Lillian Kayed, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Chad Boyd appeals from an August 27, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

In April 2018, defendant pled guilty to possession of a controlled dangerous substance, cocaine, with intent to distribute within 1,000 feet of a school, N.J.S.A. 2C:35-7(a); and certain persons not to possess a weapon, N.J.S.A. 2C:39-7(b)(1). The sentencing judge imposed an aggregate sentence of ten years with a five-year period of parole ineligibility. Defendant did not file a direct appeal from his conviction or sentence.[1]

Defendant filed a PCR petition on September 25, 2018. In the petition, defendant asserted claims of ineffective assistance of counsel (IAC) based on allegations that his attorneys failed to investigate and raise deficiencies in a search warrant affidavit and in the execution of the search warrant.

Later, defendant also filed, through PCR counsel, a brief in support of his petition. In the brief, he argued that his claims were not barred by Rule 3:22, that plea counsel was ineffective, and that defendant was entitled to an evidentiary hearing. He also directly filed a supplemental brief reiterating he

---

[1] Defendant filed a motion to withdraw his plea and subsequently withdrew that motion.

A-0400-19

was denied the effective assistance of counsel. In addition to the briefs, defendant filed his certification, a certification from his brother, and an affidavit from his co-defendant, Lester Williams.

In his certification, as to his plea counsel, defendant stated that even though he asked for discovery from plea counsel, he received it two weeks after he entered his guilty plea. He added that he wanted to take his case to trial, but his attorney told him there was "no way" he could win at trial and that if he went, he would be sentenced to "twice" as long as he would be if he took the plea. Defendant stated that when he discussed his case with his attorney, "he told me that he could get the weapons charge dismissed but that I would lose on the possession and distribution charge. He scared me into taking the guilty plea." He stated that he felt like he had no choice but to take the plea.

Further, defendant certified that his plea counsel failed to obtain a video without audio of another co-defendant Patricia Wilson arguing with police and that he asked his plea counsel to obtain a surveillance log from the police, but "[his] attorney made a joke out of it." He also stated that if he had received the discovery in a timely manner, he "would have been able to make the decision that [he] originally wanted to and taken the case to trial."

A-0400-19

As to his sentencing counsel, he explained that he tried to withdraw his guilty plea, but his new counsel told him that if he "took the plea back . . . the prosecutor could give [him] consecutive sentences." He also alleged that counsel told him that if he entered the guilty plea, he could not appeal his case. Defendant additionally certified that counsel did not provide him with a public defender form "to state whether or not [he] did want to appeal" and that he "would have said yes."

Defendant's brother Avery Shinholster's certification stated that he was present in meetings with defendant and defendant's plea counsel before defendant entered his guilty plea. He explained that plea counsel "said that he could get the weapons charge dropped, but that it wouldn't make any difference to the time [defendant] would get." It was "obvious" to Shinholster that "the attorney was pressuring [defendant] to take the guilty plea and not go to trial like he had wanted to do." He also certified that counsel told defendant that trial would "blow up in his face" and the prosecution "wanted [defendant] to go to trial because they 'had him.'" After defendant entered the guilty plea, defendant told Shinholster that his attorney did not give him discovery and "never told him about Graves Act penalties."

4

In Williams's affidavit, he stated that he was falsely accused of buying a controlled dangerous substance from defendant. He also stated that he and defendant had a conversation about their family before Williams left defendant and "smoked a cigarette in the middle of Martin Luther King Dr. while [his] wife and grandson's mother talked." He then drove home with his wife, was pulled over in front of a school, and was placed under arrest.

The PCR judge, John A. Young, Jr., who also presided at defendant's plea and sentencing hearings, held oral argument on defendant's petition. On August 27, 2019, the judge entered the order now under appeal denying defendant's petition. In a written decision, the judge explained that at the plea hearing, defendant confirmed he went through the plea forms with his counsel, that he did not have any questions regarding the plea forms, and that he was satisfied with his attorney's advice and representation.

After setting forth the standard for PCR, the judge also explained that defendant asserted three IAC claims: (1) plea counsel failed to review discovery with him until after he pled guilty; (2) plea counsel coerced defendant into the plea; and (3) his newly appointed counsel failed to advise him of his right to appeal. First, the judge found that defendant "fail[ed] to demonstrate how timely receipt of the discovery would have changed his decision to plead." Defendant

A-0400-19

did not "identify any specific or particular discovery material that, had he received it prior to his plea, would have persuaded him to take his case to trial." Therefore, relying on State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999), the judge concluded that defendant's claim amounted to a "bald assertion."

The judge also found that defendant's discovery-based claims were belied by the record. He noted that at the plea hearing, defendant stated under oath that he was "satisfied with plea counsel's performance and representation," and that although he had filed a motion to withdraw his plea, he ultimately withdrew that motion. Based on these factors, the judge determined that "the discovery in [defendant's] case did not affect his decision to plead."

As to defendant's coercion argument, the judge found that the record "demonstrate[d] that [he] knowingly, voluntarily, and intelligently entered a guilty plea" to both charges. He noted that defendant stated under oath that he possessed cocaine with the intent to distribute it, that he lived within 1,000 feet of a school, and that he unlawfully possessed a handgun. At his plea hearing, defendant also confirmed that the "decision to plead was his," and that no one had forced him into the plea. The judge concluded that the record demonstrated defendant was not coerced into taking the plea.

Finally, as to his right to appeal, the judge also found defendant's claim to be meritless because the record demonstrated defendant and his sentencing counsel reviewed and filled out a "Notice of Appeal Rights and Time to File a Petition for Post-Conviction Relief form," which they also signed. Moreover, at sentencing, Judge Young also informed defendant of his right to appeal. The judge concluded defendant had not established a prima facie claim of IAC and therefore an evidentiary hearing was not warranted. This appeal followed.

On appeal, defendant argues the following:

> POINT I
>
> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED [IAC] BY FAILING TO COMMUNICATE, VISIT, REVIEW DISCOVERY WITH HIM, OR PURSUE DEFENSES, THEREBY FORCING HIM INTO A GUILTY PLEA, AND ALSO BY TELLING HIM HE COULD NOT APPEAL HIS CASE.

We are not persuaded by these contentions.

Where a PCR judge does not conduct an evidentiary hearing, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (quoting State v. Harris, 181 N.J. 391, 421 (2004)).

7

To establish a prima facie claim of IAC, a defendant must satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 694 (1984), as adopted by our Court in State v. Fritz, 105 N.J. 42, 58 (1987). To meet the first Strickland/Fritz prong, a defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Id. at 689. Thus, this court must consider whether counsel's performance fell below an objective standard of reasonableness. Id. at 688.

To satisfy the second Strickland/Fritz prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "[I]f counsel's performance has been so deficient as to create a reasonable probability that these deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated." Fritz, 105 N.J. at 58.

8

Both the United States Supreme Court and the New Jersey Supreme Court have extended the Strickland/Fritz test to challenges of guilty pleas based on IAC. Lafler v. Cooper, 566 U.S. 156, 162-63 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); State v. DiFrisco, 137 N.J. 434, 456-57 (1994). A defendant must demonstrate with "reasonable probability" that the result would have been different had he received proper advice from his attorney. Lafler, 566 U.S. at 163 (quoting Strickland, 466 U.S. at 694). Moreover, a defendant must also "convince the court that a decision to reject the plea bargain" and "insist on going to trial" "would have been rational under the circumstances." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

A defendant is only entitled to an evidentiary hearing when he "has presented a prima facie [claim] in support of [PCR]," State v. Marshall, 148 N.J. 89, 158 (1997) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)), meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits." Ibid. A defendant must "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie claim entitling him to an evidentiary hearing. Cummings, 321 N.J. Super. at 170. A defendant bears the burden of establishing a prima

A-0400-19

facie claim. <u>State v. Gaitan</u>, 209 N.J. 339, 350 (2012). In reviewing a defendant's contentions, we "view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." <u>Preciose</u>, 129 N.J. at 463-64.

We conclude from our review of the record that defendant failed to make a prima facie showing of IAC within the <u>Strickland</u>/<u>Fritz</u> test, substantially for the reasons stated by Judge Young in his thorough written decision. Accordingly, the judge also correctly concluded that an evidentiary hearing was not warranted. <u>See</u> <u>Preciose</u>, 129 N.J. at 462-63.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0400-19